*E-FILED: May 13, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSANA LOPEZ,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT REPORTING, INC.,<br><br>    Defendant.<br>_____/ | No. C12-05166 HRL<br><br>**ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS; AND (2) RE-SETTING INITIAL CASE MANAGEMENT CONFERENCE**<br><br>[Re: Docket No. 21] |

Plaintiff Susana Lopez seeks redress under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, et seq. for the reporting of alleged inaccurate information on her credit report by defendant National Credit Reporting, Inc. (NCRI). NCRI's prior motion to dismiss the complaint was mooted when Lopez timely filed a First Amended Complaint (FAC) as of right.

Pursuant to Fed. R. Civ. P. 12(b)(6), NCRI now moves to dismiss the FAC, arguing that Lopez still fails to state a claim for relief. Relatedly, pursuant to Fed. R. Civ. P. 12(f) defendant requests that the court strike portions of the FAC pursuant to Fed. R. Civ. P. 12(f) on the ground that they do not state a claim for relief and therefore are immaterial and irrelevant. Lopez opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, the court denies defendant's motion.[1]

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73.

BACKGROUND

The following background is drawn from the FAC's allegations, which for present purposes, are deemed true and construed in the light most favorable to Lopez:

On November 4, 2011, Lopez applied for rental property at Tulare Arms in Shafter, California. Tulare Arms requested a report from NCRI to be used in consideration of plaintiff's application. NCRI's report, a copy of which is appended to the FAC,[2] contains search results for evictions and unlawful detainer filings. Those search results are organized in three levels. At "Level One–Exact Name/AKA and Exact Address Matches," the report shows "No Matches." Similarly, at "Level Three–Same Last Name/AKA and Exact Address Matches," the report shows "No Matches." However, at "Level Two–Exact Name/AKA and Similar Area Matches," the report shows four eviction actions—three against "Susana Lopez" and one against "Susana Jesus Lopez"—filed in California and Arizona. Those four eviction actions, says plaintiff, do not involve her at all, but instead concern entirely different and unrelated individuals who happen to have the same or similar name.

The FAC goes on to allege that in December 2011, Tulare Arms representatives told plaintiff that her rental application was denied because they do not allow consumers with prior evictions to live there. Lopez says that other prospective landlords have reviewed NCRI's report and that the eviction information in the report has been a substantial factor in the denial of her rental applications. Additionally, plaintiff claims that NCRI wrongfully refused her request for a copy of her consumer file.

In her sole claim for relief, Lopez says that NCRI violated 15 U.S.C. § 1681e(b) and § 1681g(a)(1).

NCRI contends that dismissal is warranted because all of the information in its report is accurate. Defendant also argues that plaintiff fails to allege compliance with the FCRA in requesting her consumer file. Relatedly, NCRI argues that "[b]ecause Plaintiff cannot state a

---

[2] Defendant does not dispute the authenticity of the report appended to the FAC.

2

1  claim for which relief may be granted" under the FCRA, portions of her complaint "are
2  immaterial, and should be struck." (Mot. at 8, 10).

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted) However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at 1950. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

3

DISCUSSION

A. <u>Alleged Violation of 15 U.S.C. § 1681e(b)</u>

The FCRA was enacted "to protect consumers from the transmission of inaccurate information about them and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." <u>Guimond v. Trans Union Credit Information</u>, 45 F.3d 1329, 1333 (9th Cir. 1995) (citations omitted). FCRA section 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To establish a prima facie case under § 1681e(b), "a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." <u>Guimond</u>, 45 F.3d at 1333. The FCRA does not impose strict liability. Rather, "an agency can escape liability if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures. The reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases." <u>Id.</u>

NCRI contends that plaintiff's complaint is a non-starter because all of the information in her consumer report is accurate. Here, defendant points out that the report's eviction search results are preceded by the following disclaimer:

> PLEASE NOTE: The information contained in this section of the Eviction/UD filings search is provided by independently operated and maintained court record collection services and is NOT from any credit bureaus repositories. As such, information collected, compiled, and provided on this report are from such independent sources and are not recorded or found in any part or sections of the prospective residents credit file. The information contained in this section is a matching of name and address only. Social Security Numbers are not required when filing this information with the courts. Consequently, there is no guarantee that the name(s) listed below are the same individual(s) that are applying for housing. If there is a match of a name (especially a unique name) and and [sic] street address, it is a strong possibility that the defendent [sic] in that record and this applicant are the same person. To obtain more information on a filing, you can contact the civil division of the court listed with each record reported. You may ask the prospective resident to provide you with proof of residence during the time in which the eviction record was filed to prove that this filing does not belong to the prospective tenant in question.

4

1    (FAC, Ex. A).  In sum, NCRI contends that plaintiff cannot demonstrate any inaccuracy in her
2    consumer report because it accurately reports the existence of court records, with no
3    representation that those court filings relate to plaintiff.  Even if there were any inaccuracies in
4    the report, NCRI argues that it cannot be held liable because it relied on information in court
5    records, which it says are presumptively deemed reliable sources of information.  Lopez
6    maintains that even assuming the report precisely notes the existence of the eviction records, the
7    gravamen of her complaint is that defendant violated FCRA § 1681e(b) by placing information
8    concerning other consumers in her report.

9         Inasmuch as NCRI contends that Lopez fails to state a claim because the report is
10   technically accurate, that contention is rejected.  "[C]ourts have held that a credit entry can be
11   'incomplete or inaccurate' within the meaning of the FCRA 'because it is patently incorrect, or
12   because it is misleading in such a way and to such an extent that it can be expected to adversely
13   affect credit decisions.'"  Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1163 (9th Cir.
14   2009) (quoting Sepulvado v. CSC Credit Servs., Inc., 158 F.3d 890, 895 (5th Cir.1998); see also
15   Montgomery v Wells Fargo Bank, No. C12-03895 THE, 2012 WL 5497950 at *4-5 (N.D. Cal.,
16   Nov. 13, 2012) (same).  The gist of Lopez's allegations is that the presence of the eviction
17   information on her report renders the report inaccurate and misleading because the information
18   does not relate to her at all.  The FAC goes on to allege that Tulare Arms and other prospective
19   landlords were, in fact, confused or misled into believing that the evictions related to plaintiff in
20   denying her rental applications.[3]

21        Defendant nevertheless points out that Lopez's report says that NCRI relied on
22   independent court record collection services; and, NCRI further argues that "a credit reporting
23   agency is not liable under the FCRA for reporting inaccurate information obtained from a
24   court's Judgment Docket, absent prior notice from the consumer that the information may be
25   inaccurate."  Henson v. CSC Credit Services, 29 F.3d 280, 285 (7th Cir. 1994).  Plaintiff says

---

[3] NCRI claims that the allegation as to the reason for Tulare Arms' rejection of plaintiff's rental application is untrue and that plaintiff knows it.  Defendant nevertheless says that, for present purposes, it opted not to present evidence on that issue and proceeded on the assumption that all allegations of the complaint are true.

5

1 that, unlike Henson, it is not clear whether NCRI relied on actual court records, as opposed to
2 information in a private database. For present purposes, the court will exercise its discretion
3 and give her the benefit of the doubt and an opportunity to explore that issue in discovery.
4     Deeming all material allegations in the complaint as true and construing them in the
5 light most favorable to Lopez, the court concludes that the FAC alleges sufficient facts to
6 support her claim under FCRA § 1681e(b). Whether she ultimately will succeed in establishing
7 a claim for relief remains to be seen. For present purposes, however, the court finds that she has
8 succeeded in pleading sufficient facts to support a plausible claim for relief and to avoid
9 dismissal, at least for now. The court having concluded that plaintiff has adequately stated a
10 claim under § 1681e(b), NCRI's Fed. R. Civ. P. 12(f) motion to strike is denied.

11 B.     <u>Alleged Violation of 15 U.S.C. § 1681g(a)(1)</u>

12     The FAC alleges that "[i]n or around February 2012, Plaintiff further attempted to
13 obtain a copy of her consumer file from Defendant by requesting it telephonically and providing
14 her proper personal identifying information verbally." (FAC ¶ 28). According to Lopez,
15 "following its standard practices and procedures, Defendant advised Plaintiff that it would not
16 provide her with a copy of her complete file." (Id.). NCRI argues that this claim must be
17 dismissed because plaintiff did not make a written request for her consumer file in compliance
18 with the FCRA.

19     In general, the FCRA requires consumer reporting agencies to clearly and accurately
20 disclose to a consumer all information in the consumer's file at the time of the request.
21 15 U.S.C. § 1681g(a)(1). The agency is obliged to (1) "require, as a condition of making the
22 disclosures required under section 1681g of this title, that the consumer furnish proper
23 identification"; and (2) make the requested disclosure in writing. Id., § 1681h(a)(1)-(2).
24 Nevertheless, if the consumer authorizes it, the agency may disclose the requested information
25 in forms other than in writing, including "by telephone, if the consumer has made a written
26 request for disclosure by telephone." Id., § 1681h(b)(2)(B).

27     The plain language of these provisions indicates that if plaintiff wanted NCRI to
28 disclose her consumer information to her over the phone, she was required to make a written

6

request for telephonic disclosure. Plaintiff says that she "did not request, and did not plead, that she authorized Defendant to *disclose her file to her* via telephone. Rather Plaintiff pled that her *request* for her file was via telephone." (Opp. at 16). As pled, the FAC's allegations are somewhat ambiguous on this point and reasonably could be interpreted the way NCRI has construed them. Even so, Lopez having confirmed that she was not asking for telephonic disclosure of her consumer information, the court concludes that NCRI's motion to dismiss must be denied.

NCRI nevertheless maintains that Lopez could not have provided proper identification solely over the telephone and points out that when a consumer cannot be properly identified, the agency is required to provide "directions on how to complete the request, including what additional information or documentation will be required to complete the request, and how to submit such information." 16 C.F.R. § 610.3(a)(2)(iii)(C). The FAC, says defendant, lacks sufficient specificity as to what identification information Lopez provided or whether she provided any documentation at all. These are details to be sorted out in discovery; and, as noted above, whether plaintiff will actually succeed in establishing a claim for relief remains to be seen. For present purposes, however, the court finds that she has succeeded in pleading sufficient facts to support a plausible claim for relief.

The court having concluded that plaintiff has adequately stated a claim under § 1681g(a)(1), NCRI's Fed. R. Civ. P. 12(f) motion to strike is denied.

ORDER

Based on the foregoing, IT IS ORDERED THAT defendant's motion to dismiss is denied. The initial case management conference is re-set for **June 11, 2013, 1:30 p.m.**, and related deadlines are adjusted accordingly.

Dated: May 13, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

7

5:12-cv-05166-HRL Notice has been electronically mailed to:

Elias Ethan Salameh    esalameh@structurelaw.com, mhoang@structurelaw.com

Erin Amanda Novak    enovak@consumerlawfirm.com

Mark Figueiredo    mrf@structurelaw.com, mhoang@structurelaw.com

William John Wall    wwall@wall-law.com, goceguera@wall-law.com